EL PUEBLO, DEMANDANTE Y APELADO, *v.* ZAYAS Y ZAYAS, ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción al artículo 288 del Código Penal.

No. 1276.—Resuelto en junio 29, 1918.

CASA DEDICADA A CITAS DESHONESTAS—SUFICIENCIA DE LA PRUEBA.—Ni el sentido común ni la ley requieren, en casos de esta índole, prueba plena de una desagradable reputación en adición a la prueba concluyente de la verdadera clase de la casa.

El nervio del delito es tener la casa, independiente de su fama. El estatuto persigue el hecho, no la fama; la sustancia, no la sombra.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los apelantes fueron convictos de un delito de tener una casa dedicada a citas deshonestas y de alquilar habitaciones a sabiendas de que se iban a dedicar al lenocinio o prostitución, en virtud de acusación por una infracción del artículo 288 del Código Penal, imputándoseles los hechos siguientes:

"Los citados Clotilde Zayas y Ramón Zayas, allá en el mes de febrero de 1918, en la calle de la Princesa No. 5, en la Marina que forma parte del distrito judicial de San Juan, ilegal y voluntariamente y a sabiendas, tenían dedicada una casa a citas deshonestas, arrendando habitaciones sabiendo que ellas iban a dedicarse a citas deshonestas."

No se ha formulado ningún señalamiento especial de errores y el alegato en síntesis no es más que un argumento dirigido a la suficiencia de la prueba, siendo la contención presentada que ni el carácter, ni la reputación de la casa en cuestión, ni el conocimiento por parte de los demandados en cuanto al carácter de los huéspedes o el propósito para el que los mismos visitaban el "hotel" fué establecido por la prueba.

La prueba deja poco lugar a dudas de que el supuesto hotel era en realidad de verdad una casa de citas deshonestas.

Ni el sentido común ni la ley requieren en casos de esta índole prueba plena de una desagradable reputación en adición a la prueba concluyente de la verdadera clase de la casa.

"El nervio del delito es el tener la casa, independiente de su fama. El estatuto persigue el hecho, no la fama; la sustancia, no la sombra." *State* v. *Plant*, 48 Am. St. Rep. 821, en la página 824, y los casos citados en 9 R. C. L., p. 220, párrafo 4.

El hecho, de ser cierto, de que uno de los acusados que admite ser el dueño del "hotel" estaba en el hospital a la fecha alegada en la acusación no le releva de su responsabilidad como tenedor de la casa, no habiéndose hecho insinuación alguna de haberse operado cambio súbito alguno en el carácter del establecimiento durante su ausencia temporal.

El otro acusado, hermano del dueño, estaba encargado de la casa la noche de autos y fué el que admitió los huéspedes que se encontraron en el "hotel" bajo circunstancias que excluyen toda duda razonable en cuanto al culpable conocimiento de este acusado. No necesitamos reproducir los hechos en sus detalles.

Aún cuando el caso *prima facie* establecido por el fiscal pudiera haber sido más fuerte, la prueba de descargo no lo debilita perceptiblemente y tomándola toda en conjunto no podemos decir que la misma no sostiene la sentencia, la cual es de confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.